UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **DANNY L. SMITH,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No.:  4:17-cv-01223-RDP-JEO |
| | ) |
| **STATE OF ALABAMA, et al.,** | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

This is an action for a writ of habeas corpus filed by Petitioner Danny L. Smith, *pro se*, on or about July 19, 2017, as amended August 2, 2018. (Docs. 1, 17). After entry of a memorandum opinion and final judgment on February 19, 2020 (Docs. 40, 41), Petitioner filed a "Motion to Set Aside Judgment with Objection to the Judgment and Assignment of Error on Appeal Pursuant to Rule 59(e), Fed. R. Civ. P.". (Doc. 47). The facts underlying the habeas petition have been set forth in detail in the Magistrate Judge's Report and Recommendation (Doc. 34) and, unless otherwise necessary for context, will not be repeated here.

"A Rule 59(e) motion can be granted based only on "newly-discovered evidence or manifest errors of law or fact." *Hamilton v. Sec'y, Fla. Dep't of Corr.*, 793 F.3d 1261, 1266 (11th Cir. 2015) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). A Rule 59(e) motion cannot be used "to relitigate old matters,

raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). The Eleventh Circuit has further directed that "a Rule 59(e) motion cannot be used simply as a tool to reopen litigation where a party has failed to take advantage of earlier opportunities to make [his] case." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 744 (11th Cir. 2014).

Petitioner's motion fails to show that the court should reconsider the denial of his § 2254 petition. None of his arguments point to a manifest error of law or fact or newly discovered evidence.

Petitioner first claims the court erred by not addressing his statutory tolling arguments, and asserts this failure contravenes *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992). (Doc. 47 at 2). But, *Clisby* only mandates that district courts address "all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988), regardless whether habeas relief is granted or denied. … A claim for relief for purposes of this instruction is any allegation of a constitutional violation." *Id.*, at 936. Statutory tolling does not state an independent allegation of a constitutional violation. Because the court addressed all non-procedurally defaulted claims on their merits, statutory tolling provides no benefit to Petitioner. Further, and in any event, the court assumed Petitioner's petitions here were timely filed. (*See* Doc. 34 at 10, n. 13).

Petitioner next contends (in the context of his statutory tolling argument) that this court failed to properly address his motions to withdraw his state court guilty pleas. (Doc. 47 at 4). But, the court fully addressed this issue in its memorandum opinion of February 19, 2020. (*See* Doc. 40 at 8). A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc.*, 408 F.3d at 763. To the extent Petitioner is attempting to state that his motions to withdraw his guilty pleas in state court should have been considered as timely petitions for collateral review by the state court (Doc. 47 at 6-9), that argument fails to raise a claim of constitutional proportion.[1]

Petitioner's reliance on *Artuz v. Bennet*, 531 U.S. 4, 8 (2000), which concerned the determination of when an application for habeas relief is properly filed, does not call for a different result. Nothing in *Artuz* suggests that a motion to withdraw a guilty plea can serve as a putative motion for collateral review. Further, Petitioner's attempts to raise new objections to the Report and Recommendation (Doc. 40 at 6) are similarly barred.

---

[1] Petitioner points to no precedent which could support an Alabama court considering a motion to withdraw a guilty plea as a petition for collateral review under Alabama Rule of Criminal Appellate Procedure 32. But even if he had done so, that remains a question of state law. This court may not re-examine state court determinations of state law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner's third and fourth bases for his motion to alter or amend each rely on statutory tolling. (Doc. 47 at 10, 11). He asserts he is entitled to a Certificate of Appealability pursuant to 28 U.S.C. § 2253 because the court chose to address his claims on their merits rather than consider whether they were statutorily barred. (*Id.*) A court may consider time-barred claims raised in habeas petitions on their merits when doing so serves the interests of justice. *See, e.g., Day v. McDonough*, 547 U.S. 198, 210 (2006). Indeed, the only effect that a finding that Petitioner's claims are not statutorily barred would have is to entitle Petitioner to a ruling on the merits of his claims. But, this court has already addressed the merits of his claims.

Petitioner further argues this court should have found the state court petitions timely filed, and thus the claims raised there not procedurally defaulted. However, decisions such as *Martinez v. Ryan*, 566 U.S. 1, 9 (2012), and *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), counsel against such a determination. Indeed, both these cases call for this court to respect state court determinations on state court rules. Moreover, this court considered whether any of Petitioner's claims demonstrated "a decision which was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and concluded they did not. Revisiting the timeliness of Petitioner's state court petitions does not change any outcome.

Petitioner also asserts that the state court's reliance on Rule 32.1(f), to require separate collateral petitions for each of the judgments against him, was misplaced.[2] (Doc. 47 at 15-22). He points to *Burton v. Stewart*, 549 U.S. 147 (2007), in support of his claim. Specifically, Petitioner references *Burton's* citation to *Berman v. United States*, 302 U.S. 211, 212 (1937), which held that a "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Id.*, at 156. (*See* Doc. 47 at 20). But *Burton*, which concerned federal review of petitions containing both exhausted and unexhausted claims, does not provide any help to him. Although Petitioner was sentenced in multiple cases at the same time, Rule 32.1(f) does not require separate petitions for each conviction. And, in any event, "federal habeas corpus relief does not lie for errors of state law[,]" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quotation omitted); nor does "an alleged defect in a collateral proceeding [] state a basis for habeas relief." *Alston v. Dep't of Corr., Fla.*, 610 F.3d 1318, 1325 (11th Cir. 2010) (quoting *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004)). Regardless of whether the state courts were correct in their interpretation of Rule 32.1(f), Petitioner cannot rely on any such claimed error as a basis for *federal* habeas relief.

---

[2] Alabama Rule of Criminal Procedure 32.1 states in relevant part, "A petition that challenges multiple judgments entered in more than a single trial or guilty-plea proceeding shall be dismissed without prejudice."

5

Finally, Petitioner reasserts that his guilty plea was coerced. (Doc. 47 at 29). But, his motion merely rehashes his prior arguments concerning his counsel not conducting a thorough investigation (in a manner Petitioner deems appropriate) and claims that this court failed to consider new evidence in the form of an affidavit from his investigator. (*Id.*). Petitioner's disagreement with this court's findings merely reiterates his arguments that were rejected by the court. Of course, that is an insufficient basis for relief on a motion to alter or amend. *See e.g, Stansell*, 771 F.3d at 744.

For all these reasons, and after careful review, the court **DENIES** Petitioner's motion to alter or amend the judgment. (Doc. 47).

**DONE** and **ORDERED** this April 27, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE